## HALLMARK BUILDERS, INC. v LEE

Case No. AP87-5 (County Court Case No. SO86-6289)

Ninth Judicial Circuit, Orange County

March 8, 1989

### APPEARANCES OF COUNSEL

**Melissa C. Arnold,** for appellant.

**Weems B. Lee,** pro se.

### OPINION OF THE COURT

EMERSON R. THOMPSON, JR., Circuit Judge.

Appellant seeks to set aside the Final Judgment of the trial court which ruled that the Appellant reimburse the Appellee for construction loan interest, court costs and attorney fees.

This Court sits as an appellate court pursuant to Rule 9.030(c)(1), Fla. R. App. P. This court has jurisdiction.

The Appellant has raised two points on appeal:

I. THE TRIAL COURT ERRONEOUSLY HELD THAT THE

APPELLANT HAD FAILED TO SPECIFICALLY PLEAD UN-
JUST ENRICHMENT, THOUGH THE CASE WAS GOVERNED
BY THE SMALL CLAIM RULES.

II. THE TRIAL COURT ERRED IN ITS FINDING THAT THE
BUILDER WAS NOT ENTITLED TO A SETOFF.

## FACTS

The Appellant and Appellee entered into a contract for the purchase
of a house to be constructed by the Appellant. Using a hand-written
provision, the Appellant modified the contract so that the Appellant
would be responsible for all construction loan interest and closing
costs. The Appellee obtained a construction loan which automatically
converted into a permanent loan upon the expiration of the pre-set six
month construction term. The Appellee closed on the home unit *prior*
to the start of its construction. The unit was completed before the six
month construction period had expired and the Appellee moved into
the house. The Appellee received and subsequently paid three notices
of construction loan interest to prevent foreclosure. The Appellant
refused to pay the interest on the basis that since the unit was
completed early and the Appellee occupied the unit prior to the loan
rollover date, either rent or construction loan interest should be paid
by the Appellee.

The trial court entered a judgment for the Appellee consisting of
Thirteen Hundred and 74/100 Dollars ($1300.74) for reimbursement of
construction loan interest and Sixty-Seven and 50/100 ($67.50) in court
costs. An order was subsequently entered awarding attorney fees and
costs for the Appellee in the amount of Seven Hundred Forty and 00/
100 Dollars ($740.00). The Appellant filed a timely Notice of Appeal.

## APPELLANT'S POINTS ON APPEAL

In the first point on appeal, the Appellant contends that unjust
enrichment does not have to be specifically pled in a case governed by
the Small Claims Rules. Florida Small Claims Rule 7.090 states that
written pretrial motions and defensive pleadings are not necessary
unless required by order of court. Unjust enrichment is not a defensive
pleading and should have been pled in a counterclaim, which is
required to be in writing. See Small Claims Rule (SCR) 7.100. Conse-
quently, this argument has no merit.

The second point on appeal concerns the Appellant's entitlement to
setoff. The Appellant drafted the contract, which the trial court found
to be unambiguous. Consequently, the trial court held that the Appel-
lant was obligated to pay all construction loan interest. Additionally,

**85**

the Appellee was not contractually required to pay rent. There were no respective debts between the parties, thus, setoff can not be used to offset any money for rent and as such the Appellant is not entitled to setoff. See SCR 7.100. There was no error committed by the trial court.

It is the Judgment of the Court that the case be *AFFIRMED* and the Final Judgment entered by COUNTY COURT JUDGE JAMES C. HAUSER be implemented.

AFFIRMED.